# In the United States Court of Federal Claims

No. 24-83C
(Filed: May 17, 2024)
**NOT FOR PUBLICATION**

```
*************************************
NIKIE KING,                         *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff Nikie King, proceeding *pro se*, has filed a complaint in this Court. *See* Complaint (ECF 1). She has also sought leave to proceed *in forma pauperis*. *See* Application (ECF 4). The government has moved to dismiss under RCFC 12(b)(1). *See* Motion (ECF 6). Plaintiff has not responded. The motion to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Although Plaintiff's complaint is not perfectly clear, her allegations appear to be directed against her employer, a medical practice, and various unnamed individuals. But this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood,* 312 U.S. 584, 588 (1941). Claims arising from those allegations must be dismissed.

Plaintiff may seek review of certain actions by federal district courts in Florida and Washington. This Court does not have authority to review decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Plaintiff mentions claims under the Family Medical Leave Act and for "harassment" and "slander." The Family Medical Leave Act includes a right of action against private employers, but not the United States. *See, e.g.*, *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997). Plaintiff's claims for harassment and slander appear to be tort claims, and are therefore outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *cf.* Tort, Black's Law Dictionary (11th ed. 2019).

Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
